SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–15–973

| | | |
|---|---|---|
| SHELBY HALLIDAY | | **Opinion Delivered:** September 14, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | | [NOS. G300892 & G406782] |
| NORTH ARKANSAS REGIONAL MEDICAL CENTER | | |
| | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Shelby Halliday appeals the Workers' Compensation Commission's ("the Commission") decision finding that she failed to establish that she had sustained a compensable back injury while working for North Arkansas Regional Medical Center ("NARMC"). On appeal, Halliday argues that the Commission's finding is not supported by substantial evidence. We affirm.

Halliday worked as a paramedic for NARMC. Her duties included responding to emergency calls, lifting patients, and transporting patients to the medical center. In February 2014, Halliday filed a compensation claim for a back injury she had sustained from a fall on January 25, 2013. In August 2014, she filed a second compensation claim. She claimed that in addition to her accident on January 25, 2013, she had also injured her back on December 26, 2012, while lifting a patient. She asked for medical expenses associated with the injury, which included a recommended back surgery. NARMC denied that Halliday had sustained

SLIP OPINION

a compensable injury on December 26, 2012, or on January 25, 2013, and refused to pay for the back surgery. The case proceeded to a hearing before an administrative law judge ("ALJ").

At the hearing, Halliday testified that she is twenty-four years old and that she had worked at NARMC since she was eighteen years old. She explained that on December 26, 2012, she injured her lower back while lifting a patient onto a stretcher in the emergency room ("ER") at NARMC. She noted that her partner, Kristi Ramsey, was helping her lift the patient. She stated that as result of the accident, she experienced severe lower back pain that radiated to her knee. She admitted knowing the procedure for reporting a work-related injury but stated that she did not immediately report it because she believed that she had only pulled a muscle, she did not want to "make a big deal out of it," and she wanted to be "a team player." She stated that she later reported the accident to her supervisor, Scott Trammell, but he told her that the twenty-four-hour period to report the injury had passed.

Halliday testified that after the accident, she went to see her chiropractor, Dr. Butler, and that he tried to adjust the muscle without success. She admitted that she had previously seen Dr. Butler in the past for neck and back pains. She also admitted that in a prior deposition, she had falsely stated that before December 26, 2012, she had seen Dr. Butler only for migraines. She explained that she misspoke because she had not recently reviewed her medical records.

Halliday stated that after Dr. Butler's adjustment did not alleviate her lower back pain, she went to the ER where a physician's assistant gave her a steroid shot and prescribed

2

her Flexeril.[1] She stated that she also saw her family doctor, Dr. Rolland Bailey, about her back and that he prescribed pain medication and ordered an MRI for January 18, 2013. She explained that the MRI showed a herniated disk. She noted that she paid for the MRI but knew that, if she had a work-related injury, her employer would normally pay for the medical treatment. She stated that as result of the MRI, Dr. Bailey recommended that she see a neurosurgeon.

Halliday testified that before she saw the neurosurgeon recommended by Dr. Bailey, she had a second accident at work on January 25, 2013, that exacerbated her December 2012 lower back injury. She stated that the accident occurred when she slipped and fell on a piece of timber outside a patient's home and that she was with Ramsey at the time. Halliday testified that she reported the injury to the dispatcher at work, and the dispatcher relayed the report to Trammell. She noted that Trammell advised her to go to the ER, which she did. Halliday had an MRI the following day, and it showed a herniated disk, but it showed no change compared to the January 18, 2013 MRI. Halliday noted that she later saw a neurosurgeon and that he recommended back surgery.

Trammell testified that he works as the operations manager for emergency medical services at NARMC and that Halliday had worked under his direction since her hire date in June 2009. Trammel recalled Halliday's accident where she had slipped and fallen and hurt her back. However, Trammel had no memory of any other injury or accident prior to that date. He noted that if an employee fails to report a work-related injury within twenty-

---

[1]Because Halliday was an employee of NARMC at the time of the ER visit, she did not have to complete any forms to be treated. Thus, there is no documentation of the visit besides her prescription. The prescription is dated December 28, 2012.

four hours, he believed they had waited too long to report the injury; however, he stated he would normally direct her to an occupational nurse, who would have more information.

Ramsey testified that she worked as Halliday's partner at NARMC. She recalled working with Halliday on January 25, 2013, when they responded to an emergency call at a residence. She testified that she did not see Halliday slip or fall during the call. She explained that after they returned to the hospital, she received a call from the dispatcher that she needed to take Halliday to the ER. She testified that she transported Halliday to the ER and that Halliday told her that she had injured her back. They did not discuss the details of the accident or Halliday's pain. Ramsey had no knowledge of Halliday's December 26, 2012 injury.

Linda Sides testified that she is the occupational health officer at NARMC and sees NARMC employees who have work-related injuries. She stated that on January 25, 2013, Halliday reported a work injury but she did not mention an accident from December 2012. She explained that she was preparing documents for Halliday's claim when she found a record of Halliday's January 18, 2013 MRI. She stated that she called Halliday about the MRI and that Halliday informed her that she had pulled a muscle in the ER in December 2012 but that she was seeing her primary care physician.

Following the hearing, the ALJ entered an order finding that Halliday had failed to establish by a preponderance of the evidence that she had sustained a compensable injury on December 26, 2012, or on January 25, 2013. Halliday appealed the ALJ's decision to the Commission. The Commission affirmed and adopted the ALJ's opinion. Halliday then appealed the Commission's decision to this court. On appeal, Halliday argues that the

Commission's finding that she failed to establish that she had sustained a compensable injury on December 26, 2012, or on January 25, 2013, is not supported by substantial evidence.

When an appeal is taken from the denial of a claim for benefits by the Commission, the substantial-evidence standard of review requires that we affirm if the Commission's opinion contains a substantial basis for the denial of relief. *Powers v. City of Fayetteville*, 97 Ark. App. 251, 248 S.W.3d 516 (2007). We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Id*. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we had been sitting as the trier of fact or hearing the case de novo. *Id*. The determination of the credibility and weight of evidence is within the sole province of the Commission. *Id*.

To prove the occurrence of a specific-incident compensable injury, the claimant must establish that (1) an injury occurred arising out of and in the scope of employment; (2) the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) the injury is established by medical evidence supported by objective findings as defined in Ark. Code Ann. § 11-9-102(16) (Repl. 2012); and (4) the injury was caused by a specific incident and is identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i). The claimant has the burden of proving these elements by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(4).

As to the December 26, 2012 incident, we hold that the Commission's finding that Halliday failed to establish a compensable injury is supported by substantial evidence. Halliday admitted that she knew about the workers'-compensation reporting process and that workers' compensation would pay for her medical treatment, but she did not immediately report the accident to her employer and paid for the medical treatment herself. Further, no coworker knew about the accident or her injury until several weeks after the alleged occurrence, and Halliday continued to work as normal. Moreover, Halliday admitted that she experienced back pain prior to December 26, 2012. Given this evidence, our standard of review, and our deference to the Commission's credibility findings, we hold that there was a substantial basis for the Commission's decision.

We also hold that the Commission's finding that Halliday failed to establish a compensable injury on January 25, 2013, is supported by substantial evidence. Halliday's January 18, 2013, MRI showed a herniated disk, and her MRI following the accident on January 25, 2013, showed no change. As noted above, Halliday admitted that she had been treated for back pain prior to the December 26, 2012 accident and the January 25, 2013 accident. Accordingly, we hold that there was a substantial basis for the Commission's decision.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Hatfield Law Firm*, by: *Jason M. Hatfield*; and *Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *John D. Davis*, for appellee.